## Gilberton Borough School District v. Morris et al.

*Taxation—School districts—Limit of taxation—Acts of May 11, 1921, and May 23, 1923.*

1. Under the Acts of May 11, 1921, P. L. 508, and May 23, 1923, P. L. 337, a school district of the fourth class cannot levy a tax of more than 35 mills on the assessed valuation of the taxable property in the district.

2. It cannot levy a 7-mill funded debt tax in addition to the 35 mills provided by the School Code and its amendments.

3. A tax levied for the purpose of paying off money borrowed for school purposes, payable to the treasurer of a school district, is a school tax.

Statutory demurrer. C. P. Schuylkill Co., July T., 1926, No. 596.

*M. A. Kilker* and *John J. Moran*, for plaintiff.

*W. K. Woodbury, M. M. Burke* and *Edgar Downey*, for defendants.

BECHTEL, P. J., Jan. 3, 1927.—The plaintiff in this case filed its declaration, setting forth, *inter alia*, that the defendants are the owners of large tracts of land, with valuable improvements thereon, situated in the Borough of Gilberton, in said county.

That the board of directors of the school district levied a tax of 45 mills on the assessed valuation of the taxable property in the school district at a meeting held May 31, 1925. The resolution for said levy is as follows:

"*Resolved*, that we fix the millage for the year 1925 at forty-five mills, divided as follows: Thirty-five mills for general purposes and teachers' salaries, seven mills for sinking fund and three mills for building purposes and improvements."

Of the tax so levied, a sum equivalent to 35 mills was paid by the defendants within the ninety-day limit, leaving an unpaid balance of $10,924.12, in addition to the penalty fixed by law thereon. To this statement an affidavit

of defence has been filed raising questions of law. Many questions have been raised by the affidavit, but for the purposes of this case it seems to us but necessary to consider one, and that is as follows:

"The tax levy of forty-five mills on the assessed valuation of the taxable property in the School District of the Borough of Gilberton for school purposes is illegal and in excess of that authorized by law."

We do not consider any questions relative to the legality of the levy of 35 mills, for the reason that counsel, in his argument to the court, representing the defendants, admitted that this amount had been paid to the school district and there is nothing in these proceedings attempting to collect any of that sum back by the defendants.

Section 537 of the School Code, as amended by the Act of May 11, 1921, P. L. 508, provides, inter alia: "In all school districts of the second, third and fourth class (it being admitted that this district falls within one of these classes), all school taxes shall be levied and assessed by the board of school directors therein during the month of April or May each year, . . . and in school districts of the third and fourth class shall not exceed twenty-five mills on the dollar on the total amount of the assessed valuation of all property taxable for school purposes therein."

Sub-division 24 of section 1210 of the Act of Assembly approved May 23, 1923, P. L. 328, 337, authorizes the levying of an additional tax of 10 mills and contains the following proviso: "Provided that in any district of the fourth class the tax herein authorized, together with all other school taxes levied in the district, shall not exceed thirty-five mills on each dollar of the assessed valuation thereof."

It is claimed by the plaintiffs that article IX, section 20, of the Constitution of Pennsylvania, which provides, inter alia, "Any county, township, school district or other municipality incurring any indebtedness shall, at or before the time of so doing, provide for the collection of an annual tax sufficient to pay the interest and also the principal therein within thirty years," authorizes the levy of the 7-mill funded debt tax in addition to the 35 mills provided for by the School Code and its amendments.

There does not seem to be any serious contention to the position taken by defendants that the 3-mill tax levy for building purposes is illegal. In Duff v. Perry Township School District, 281 Pa. 87, it is said: "Section 537 of the School Code of May 18, 1911, P. L. 309, permits a levy not to 'exceed 25 mills on the dollar; this, standing alone, would seem to limit the levy, and to exceed it the agent must point to an enabling statute permitting the increase."

Our attention has been called to no statute or decision authorizing the school district to levy a tax in addition to the 35 mills provided by the School Code. It will be noted that the language of the act is that the tax herein authorized, together with all other school taxes levied in the district, shall not exceed 35 mills. It cannot be seriously contended that this is not a school tax. It is levied for the purpose of paying off money borrowed for school purposes and is payable to the treasurer of the school district. If it is not a tax for school purposes, we do not know by what name it should be designated. It seems to us that the plain language of the act forbids any additional levy by the school district. This being so, plaintiff would not be entitled to recover the amount claimed in its declaration, and, therefore, would have no cause of action against the defendants.

The affidavit of defence raising questions of law is sustained and judgment is entered in favor of the defendant.